UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

IN RE:                                                ) Chapter:  7
    KRISTEN L. LUNDEN,              ) Case No.: 14-40412
        Debtor

MEMORANDUM OF LENKAR, LLC
IN OPPOSITION TO DEBTOR'S
MOTION FOR SANCTIONS
(Document No. 14)

## Statement of the Case

The debtor filed the instant chapter 7 proceeding on 7 March 2014. Lenkar, LLC ("Lenkar") is the holder of a judicial lien on the residence of the debtor. On or about 19 March 2014, the debtor filed a motion to avoid the lien held by Lenkar. See Document No. 10. On or about 25 March 2014, Lenkar filed an opposition to the debtor's motion. See Document No. 11.[1]

Lenkar attached to its opposition to the motion to avoid judicial lien a financial statement that had been prepared by the debtor and submitted to a state court. The financial statement was obtained by Lenkar from the state court. The financial statement does contain the debtor's telephone number and her nine digit social security number.

On or about 26 March 2014, the debtor filed an emergency motion to strike the exhibit and for sanctions. See Document 14. The following day, the court ordered that the financial statement be treated "as a 'private event' to which only court personnel (be) given access ...". The court then ordered that a hearing be held on 20 May 2014 concerning the debtor's request for sanctions. See Document 15.

On 20 May 2014, the court held a hearing concerning the debtor's request for sanctions. At the conclusion of the hearing, the court invited the parties to

---

[1] After hearing, this court allowed the debtor's motion to avoid the judicial lien. See Document 40 (20 May 2014).

1

submit memoranda regarding (1) whether Lenkar violated rule 9037 of the Federal Rules of Bankruptcy and (2) the appropriate relief to be granted if rule 9037 was violated. Lenkar submits the instant memorandum in response to the court's invitation.

## Argument

SINCE THE DEBTOR'S PERSONAL INFORMATION WAS ALREADY A MATTER OF PUBLIC RECORD, LENKAR'S FAILURE TO REDACT THE FINANCIAL STATEMENT WAS NOT A VIOLATION OF RULE 9037.

Rule 9037 of the Federal Rules of Bankruptcy provides that only portions of certain personal information may be included in a filing. See Fed. R. Bankr. 9037(a). For example, only the last four digits of a social security number may be included in a filing. *Id.* 9037(a)(1). An individual's address or telephone number are not covered by the rule. See *id.*

Rule 9037 also exempts certain information from the so-called redaction requirement. For example, the official record of a state court proceeding is exempt from the requirement. *Id.* 9037(b)(3). In addition, a party waives the protection of the rule if the party includes the protected information in an unredacted filing. *Id.* 9037(g).

In the instant case, the financial statement at issue was obtained from a state court supplementary process proceeding. See *Lenkar, LLC v. Lunden*, No. 1342-SP-57 (Orange (MA) Dist. 5 Nov. 2013). It had been completed and submitted by the debtor. It was thus part of the record of the state court proceeding. Since the financial statement was part of the record of the state court proceeding, it is exempt from the redaction requirement. Fed. R. Bankr. 9037(b)(3).

An entity waives the protection of rule 9037 if it submits an unredacted filing. *Id.* 9037(g). On its face, rule 9037(g) appears to apply to filings in the bankruptcy court. However, the policy of the rule should provide guidance to this

court. If an entity submits an unredacted document, the entity is expressing its intent to not be protected by rule 9037. The entity's intent should not be dependent upon the court in which the filing is made. Stated differently, an entity expresses its intent to not be protected by rule 9037 whether the unredacted filing is made in this court or in some other court. It is the information, not the court, that should determine the entity's intent.

In the instant case, the debtor submitted the unredacted financial statement to a state court. By submitting the unredacted filing, the debtor expressed her intent to waive the protections of rule 9037.

The financial statement in question is part of a state court record. It is therefore exempt from rule 9037. See Fed. R. Bankr. 9037(b)(3). Moreover, the debtor submitted the unredacted document to the state court. By submitting the unredacted document, the debtor expressed her intent to waive the protections of rule 9037. See *id.* 9037(g). Therefore, Lenkar did not violate rule 9037 when it filed the unredacted financial statement.

EVEN IF LENKAR VIOLATED RULE 9037, THIS COURT HAS ALREADY ENTERED THE APPROPRIATE RELIEF.

If the court determines that Lenkar did violate rule 9037, the next question is the relief to be awarded for the violation. Rule 9037 provides the relief. The rule notes that the court may require redaction of the information or may limit or prohibit a non-party's access to the document. See Fed. R. Bankr. 9037(d); see *In re Chubb*, 426 B.R. 696, 700 (Bankr. E. D. Mich. 2010). Indeed, this court has granted the relief provided by the rule. See Document No. 15 (27 March 2014) (access to document limited to court personnel).

The debtor has requested additional relief including, *inter alia*, damages assessed against Lenkar. The awarding of damages would, in effect, constitute a private right of action for violation of rule 9037. However, rule 9037 provides the remedy. Fed. R. Bankr. 9037(d). The remedy provided by rule 9037(d) does not

3

provide for a private right of action. Moreover, bankruptcy courts have declined to infer such a private right of action from the rule or from its legislative history. *French v. American Gen'l Fin. Serv. (In re French)*, 401 B.R. 295, 307 (Bankr. E. D. Tenn. 2009). Since there is no private right of action, a debtor cannot seek cancellation of the underlying debt or sanctions against a creditor for attaching an unredacted document to a proof of claim. *Id.*; accord, *Maple v. Colonial Orthopaedics, Inc. (In re Maple)*, 434 B.R. 363, 374-375 (Bankr. E. D. Va. 2010). Since the rule does not provide for a private right of action, the court may not grant the additional relief sought by the debtor.

Although a private right of action for violation of rule 9037 does not exist, in addition to the relief provided by rule 9037, the court may punish violations of rule 9037 as a contempt of court. The court should limit the use of its contempt power to violations that are malicious or repetitive, and where the remedies provided by rule 9037(d) are insufficient. See *In re Maple*, 434 B.R. at 374-375.

Other cases are instructive. In *Maple*, the creditor filed a proof of claim which contained the debtor's social security number, dates of birth, and home and work telephone numbers. *Id.* 367. Nevertheless, the court ordered redaction as provided in rule 9037(d), but declined to sanction the creditor. *Id.* 375.

In *Chubb*, a utility filed a proof of claim that contained the entire twelve digit account number of the debtor, rather than the last four digits as provided by rule 9037. See Fed. R. Bankr. 9037(a)(4). *In re Chubb*, 426 B.R. 696, 697 (Bankr. E. D. Mich. 2010). The court did not order sanctions against the utility. This was the case eventhough the utility admitted that it had included the twelve digit account number in numerous proofs of claim. See *id.* 698-700. Apparently, the court concluded that the utility's practice was not sufficiently egregious to warrant the imposition of sanctions.

As noted, this court may use its contempt power to punish violations of rule 9037. However, as the case law suggests, the contempt power should only be used in the most egregious of circumstances. In comparison to other cases,

4

especially the violation by the utility in *Chubb*, this case does not present such egregious circumstances.  In the instant case, public access to the financial statement at issue was quickly restricted.  See Document No. 15; Fed. R. Bankr. 9037(d)(2).   Moreover, the debtor has not offered any evidence that the filing of the unredacted financial statement has caused her any harm.  Thus, it appears that the remedy provided by rule 9037 has been effective.  Since the relief already awarded by the court appears to be effective, and since the debtor has not suffered any harm, this court should decline to exercise its contempt power in this case. *In re Maple*, 434 B.R. at 375.

## Conclusion

This court should affirm its endorsement order (Document No. 15) and deny the debtor's remaining requests for relief.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | */s/ Russell S. Chernin* |
| Date: 28 May 2014 | Russell S. Chernin, Esq. (BBO: 082050) |
|  | 390 Main Street |
|  | Worcester, MA 01608 |
|  | Tel.: 508-753-8118 |
|  | Counsel for Lenkar, LLC |

CERTIFICATE OF SERVICE

I hereby certify that on this day I sent a copy of the within pleading to each party on the court's service list via the court's electronic mail system.

Date: 28 May 2014            */s/ Russell S. Chernin*
                             Russell S. Chernin