UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

In re
Kristen L. Lunden
    Debtor(s)

Chapter 7
No. 14-40412-HJB

**DEBTOR'S MEMORANDUM OF LAW IN SUPPORT OF HER
REQUEST FOR SANCTIONS**

In response to this court's invitation Kristen L. Lunden ("Lunden" or the "Debtor") submits this Memorandum of Law in support of her motion for Sanctions.

**FACTS**

On March 19, 2014 Lunden filed a motion (Docket #10) to avoid a judicial lien obtained by Lenkar, Inc. ("Lenkar") and encumbering her residence. Lenkar responded, asserting that the value of Lunden's residence was higher than asserted in the motion. (Docket #11). Lenkar attached an un-redacted confidential financial statement Lunden had previously signed and provided to Lenkar and a state court in furtherance of Lenkar's attempt to collect on the judgment it had obtained. The Financial Statement included private information, including Lunden's full social security number and date of birth. The Debtor immediately demanded that Lenkar take action to remove the private information from the public website, but Lenkar refused to do so, stating that it was inappropriate for it to modify in any way the document signed by Lunden. After then notifying Lenkar of her intention to seek sanctions if Lenkar did not immediately remove the private information, Lunden filed an emergency motion to Strike the Financial Statement from the public records and for sanctions. (Docket #14). This court entered an order (Docket #15) directing that the Financial Statement be maintained in the court's system as a "private event" to which only court personnel could have access and scheduling a hearing on

the balance of the relief sought. Lenkar opposed the request for sanctions (Docket #19), asserting that it was well within its rights to include all of the private information in its filing based upon the safe harbor provision set forth in Bankruptcy Rule 9037(g).

## ARGUMENT

I. **SANCTIONS MAY APPROPRIATELY BE AWARDED TO LUNDEN UNDER SECTION 105(a) OF THE BANKRUTPCY CODE FOR VIOLATIONS OF BANKRUPTCY RULE 9037**

Bankruptcy Rule 9037(a) prohibits a party from including an individual's complete social security number, birth date, and full account numbers in pleadings filed with the Bankruptcy Court. Instead the filer is required to react the document to list only the individual's last four digits of his/her social security number, the year of the individual's birth and the last four digits of the individual's financial account information. The filer is reminded at the time he/she logs into the court's electronic case filing ("ecf") system that he has a responsibility to redact private information, must check a box acknowledging that he/she has read BR 9037 as a condition of even commencing the filing process, and is asked immediately prior to submission if he has redacted. The ecf system has thus instituted three separate safeguards to assure that any filer, whether he is a novice or a seasoned veteran, understands his obligation to redact sensitive information prior to hitting the "send" button. See ECF Logon Screen and ECF Submission Screen at Exhibits A and B. As this court has previously noted, The provisions contained in Bankruptcy Rule 9037(a) are requirements, not suggestions. *In re Blake* 452 BR 1, 8 (Bankr W.D. Mass 2011).

It is generally recognized that Rule 9037, standing alone, does not provide a private cause of action. See *In Re French* 401 BR 295, 313 (Bankr E.D. Tenn 2009); *In re Maple* 434 BR 363, 375 (Bankr E.D. Va. 2010); *Lenz v Auto Acceptance*, 448 BR 832 (Bankr D. Or 2011). However,

the courts are just as uniform in finding that, when combined with the court's general equity powers under Section 105 of the Bankruptcy Code, they have the authority to award sanctions for the violation of Rule 9037. *French* at 314; *Maple* at 374; *In re Carter* 411 BR 730 (Bankr M.D. Fla 2009) (acknowledging that Section 105 grants court power to carry out provisions of Bankruptcy Code but dismissing count in complaint seeking sanctions because Florida courts had yet to adopt Rule 9037 when the disclosure of private information took place); *In re Brown* 2012 WL 2576473 (Bankr W.D. NC); *In re Matthys* 2010 WL 2176086 at 3 (Bankr S.D. Ind.); *In re McKenzie* 2010 WL 917262 at 3 (Bankr S.D. Miss) (Court may use its equitable powers under Section 105(a) of the Bankruptcy Code to enforce Rule 9037). The court must find that the creditor "flaunted the law with knowledge of its proscriptions, failed to take remedial action once violations were discovered, or acted deliberately as opposed to mistakenly or inadvertently" *Maple* at 374, quoting *Barnhart v Union Bank, Inc*, 2010 WL 724703 at 3-4 (Bankr N.D. W. Va.). Appropriate damages for civil contempt "generally include the parties' actual damages incurred and reasonable attorney's fees" *French* at 314, citing *Braun v Champion Credit Union* 152 BR 466, 474 (N.D. Ohio 1993)

This court can only conclude, based upon Lenkar's actions and statements, that Lenkar flaunted the requirement to redact the Financial Statement with knowledge of Bankruptcy Rule 9037 and then refused to take any remedial action once notified of its violation. Prior to logging onto the ecf filing system Lenkar's counsel was presented with the following admonition:

> "**IMPORTANT NOTICE OF REDACTION RESPONSIBILITY**: All filers must redact [private information] in compliance with Fed. R. Bankr. P. 9037. This notice applies to all documents, including attachments." (Bold and coloring in the original)

Counsel must then check a box immediately below the notice stating, "I understand that, if I file, I must comply with the redaction rules. *I have read this notice*." (emphasis added). Each time

counsel logs onto the ecf filing system he is unable to proceed with filing of a pleading until he affirmatively checks the box. The ecf filing system includes a final reminder of the requirement to redact before submission of a pleading by stating,

> "Attention!! Submitting this screen commits this transaction. You will have no further opportunity to modify this submission if you continue. **Have you redacted?**" (Emphasis and coloring in the original).

In an exchange of e-mails within an hour of Lenkar's filing of the un-redacted Financial Statement Debtor's counsel notified Lenkar's counsel of the inclusion of private information in violation of the bankruptcy rules and demanded he take corrective action. While apologetic, Lenkar's counsel bluntly refused to take any corrective action, at which point he was notified that, if he still refused to correct his error, the Debtor would be compelled to act to minimize her damages by herself filing a pleading at which time she would seek sanctions for Lenkar's continuing violation of the ecf filing requirements. See e-mail exchanges dated March 25 attached to Debtor's Motion to Strike and for Sanction (Docket #14-1).

There can be no doubt that Lenkar knew of its requirement to redact private information. Its counsel was reminded both before logging onto the ecf filing system and before he submitted the documents to the court. Lenkar then refused to take any corrective action once notified of its error. While the original filing may have been an innocent mistake, Lenkar's refusal to correct that error constitutes a blatant disregard for its obligations under the Bankruptcy Rules and is a contemptuous action. Lenkar and/or its counsel may be sanctioned pursuant to Section 105 of the Bankruptcy Code for willfully violating Bankruptcy Rule 9037.

In its opposition to the Debtor's request for sanctions Lenkar relies upon Rule 9037(g) for including the unredacted Financial Statement in its pleadings. The reliance is misplaced for two reasons. First, the Financial Statement was never available to the public, as Lenkar asserted, until

Lenkar included it as part of its submission to this court. The Financial Statement, which Lunden acknowledges was provided to each of the state district court and Lenkar, states in bold and large letters at the bottom of the document,

> "Pursuant to Small Claims Rule 9(c) all information in this Financial Statement is CONFIDENTIAL. It shall be available to any other party to this litigation, but shall not be available for public inspection unless the court so orders"

Second, Rule 9037 addresses only documents filed with the Bankruptcy Court. Lunden submitted the Financial Statement to the state court, not this court. It was filed in this court by Lenkar. Rule 9037(g) is inapplicable.

## CONCLUSION

For the reasons stated herein the Debtor is entitled to sanctions, including her reasonable attorney's fees, monetary compensation for the publication of her personal information, and credit monitoring for the next ten years.

    Kristen L. Lunden
    By her attorney


     /S/   David M. Nickless
    David M. Nickless, Esq., BBO #371920
    Nickless, Phillips & O'Connor
    625 Main Street
    Fitchburg, MA 01420
    (978) 342-4590
    dnickless.nandp@verizon.net

CERTIFICATE OF SERVICE

    I, David M. Nickless, do hereby certify that I will immediately upon receipt of the notice of electronic service serve a copy of the within pleading by mailing same to any of the parties listed below not noted as having received electronic service.

United States Trustee  
446 Main Street, 14th Floor  
Worcester MA, 01608  
*VIA ECF*

John A. Burdick, Trustee  
PO Box 101  
Paxton, MA 01612  
*VIA ECF*

Russell S. Chernin, Esq.  
390 Main Street, Ste 659  
Worcester, MA 01608  
*Counsel to Lenkar, LLC-VIA ECF*

Dated: May 30, 2014

/s/ David M. Nickless  
David M. Nickless