**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| | ) | Chapter 7 |
| KRISTEN L. LUNDEN, | ) | Case No. 14-40412-HJB |
| | ) | |
| Debtor | ) | |
| | ) | |

**MEMORANDUM OF DECISION**

Before the Court is a request filed by Kristen L. Lunden, the debtor in this Chapter

7 case (the "Debtor"), seeking sanctions as compensation for a creditor's failure to redact

from one of its filings certain of her personal identifying information in contravention of the

redaction requirements contained in Federal Rule of Bankruptcy Procedure ("Bankruptcy

Rule" or "Rule") 9037(a).  In ruling on the sanctions request, the Court must first determine

whether Rule 9037(a) was actually violated.  Assuming a violation of the rule is

established, the Court must then decide whether sanctions are appropriate in this case,

and, if so, the amount of sanctions that should be imposed.

I.      FACTS AND POSITIONS OF THE PARTIES

The Debtor commenced this case under Chapter 7 of the United States Bankruptcy

Code (the "Bankruptcy Code" or the "Code")[1] on March 7, 2014.  In the schedules and

statements filed with the petition, the Debtor disclosed her interest in real property located

---

[1] See 11 U.S.C. § 101 et seq.  All references to statutory sections are to the Bankruptcy Code
unless otherwise specified.

in Athol, Massachusetts that serves as her primary residence (the "Property"), and

claimed an exemption of "up to $5,820.00" in any equity in the Property pursuant to

§ 522(d)(1).  Schedule C – Property Claimed as Exempt, ECF No. 1.

On March 19, the Debtor filed a motion to avoid a judicial lien against the Property

(the "Motion to Avoid") held by Lenkar, LLC ("Lenkar").  In the Motion to Avoid, the Debtor

estimated the fair market value of the Property as ranging between $141,704 and

$148,971, based upon a comparative market analysis attached to the motion.  Given that

the balance of the mortgage debt secured by the Property was approximately $162,000,

the Debtor argued that there was no non-exempt equity available to satisfy Lenkar's lien,

that the lien impaired her exemption, and that the lien was accordingly avoidable in its

entirety pursuant to § 522(f).

Lenkar, through its attorney, Russell Chernin, filed an objection to the Motion to

Avoid (the "Objection"), arguing that the value of the Property was actually $180,000,

which after deduction of the mortgage lien and the Debtor's claimed exemption would

leave $12,180 in equity to at least partially satisfy Lenkar's lien.  In support of the asserted

higher value for the Property, Attorney Chernin attached as an exhibit to the Objection a

copy of a "Financial Statement of Judgment Debtor" (the "Financial Statement") that had

previously been submitted in conjunction with proceedings against the Debtor by Lenkar

in the Small Claims Session of the Trial Court of Massachusetts (the "state court

proceeding").  The Financial Statement, completed by the Debtor and executed on

November 5, 2013, contained an estimate of the fair market value of the Property in the

amount of $180,000.  But that document, filed by Attorney Chernin without redaction, also

contained the Debtor's full social security number, home telephone number, address, and

date of birth.

The following day, having received notice of the filed Objection, the Debtor's Attorney, David Nickless, contacted Attorney Chernin via email, demanding that Attorney Chernin notify the Court of his error in filing the Financial Statement on the public docket without redaction and request that the Court remove it from the public record.  In that initial email to Attorney Chernin, Attorney Nickless also requested indemnification for any damages incurred by the Debtor on account of the public filing of the unredacted document.

Attorney Chernin responded by refusing to withdraw the Opposition, claiming that the Financial Statement was an "admission by Ms. Lunden as to all matters contained thereon."  Motion to Strike Ex. 1, ECF No. 14.  Attorney Chernin then apologized for not "noticing" that the document contained the Debtor's social security number, but claimed that even if he had noticed its presence, he "would be most reluctant to modify a document signed by someone else's client."  Id.  He did state, however, that he would not oppose any request to the Court by the Debtor to have the social security number redacted.

Less than pleased with this response, Attorney Nickless replied that if Attorney Chernin did not take steps to have the document struck from the record or redacted, Nickless would file a motion to have the exhibit removed and would seek payment for damages arising from the violation of the Debtor's privacy rights.  By the end of the business day, Attorney Chernin had not brought the unredacted filing to the Court's attention and later that evening, Attorney Nickless, on behalf of the Debtor, filed the "Debtor's Emergency Motion (A) to Strike from the Public Record and this Court's Electronic Filing System the Exhibit to Opposition of Lenkar, LLC to Debtor's Motion to Avoid Judicial Lien and (B) for Sanctions" (the "Motion to Strike," "Request for Sanctions").

In the motion, the Debtor requested that the Court immediately strike the Financial

3

Statement from the public docket and asked the Court to award to the Debtor "current

and potential future damages, including but not limited to the attorney's fees and costs to

correct Lenkar's error, and potential future identity theft."  Motion to Strike 1-2, ¶ 6.  On

the morning of March 27, the Court granted the Motion to Strike and removed the

Financial Statement from the public docket, as it contained information required to be

redacted by Bankruptcy Rule 9037(a),[2] and scheduled a further hearing on the Request

---

[2] Bankruptcy Rule 9037 provides in relevant part:

    (a)    **Redacted Filings.** Unless the court orders otherwise, in an electronic or paper filing made with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual, other than the debtor, known to be and identified as a minor, or a financial-account number, a party or nonparty making the filing may include only:

        (1)    the last four digits of the social-security number and taxpayer-identification number;

        (2)    the year of the individual's birth;

        (3)    the minor's initials; and

        (4)    the last four digits of the financial account-number.

    (b)    **Exemptions from the Redaction Requirement.** The redaction requirement does not apply to the following:

        (1)    a financial-account number that identifies the property allegedly subject to forfeiture in a forfeiture proceeding;

        (2)    the record of an administrative or agency proceeding unless filed with a proof of claim;

        (3)    the official record of a state-court proceeding;

        (4)    the record of a court or tribunal, if that record was not subject to the redaction requirement when originally filed;

        (5)    a filing covered by subdivision (c) of this rule; and

        (6)    a filing that is subject to §110 of the Code.

. . . .

for Sanctions.[3]

On March 31, Attorney Chernin filed an opposition to the Debtor's Request for Sanctions (the "Sanctions Objection"), and both parties have since filed post-hearing briefs.   Attorney Chernin first disputes the assertion that the filing of the Financial Statement ran afoul of Bankruptcy Rule 9037.   He argues that the Financial Statement qualifies as an "official record of a state court proceeding," and is thus exempt from the redaction requirement under Rule 9037(b)(3).   Attorney Chernin further asserts that he was relieved of any obligation to redact the document pursuant to Bankruptcy Rule 9037(g), because the Debtor previously filed the Financial Statement in small claims court without redaction.   According to Attorney Chernin, he "simply used an already existing public record to support [Lenkar's] position" and that "[t]he information that the debtor seeks to redact *was already made public* by the debtor before Lenkar included it in its opposition."   Sanctions Obj. 1 ¶ 4, ECF No. 19 (emphasis supplied).   And at the hearing on the Request for Sanctions, Attorney Chernin further asserted that he was, in fact, able to obtain a copy of the Financial Statement by simply calling the state court and asking for it.

---

> (g)   **Waiver of Protection of Identifiers.** An entity waives the protection of subdivision (a) as to the entity's own information by filing it without redaction and not under seal.

Fed. R. Bankr. P. 9037(a), (b), (g).

[3] The Order read:

> "GRANTED INASMUCH AS THE EXHIBIT TO THE OPPOSITION SHALL BE MAINTAINED IN THE COURT'S ELECTRONIC DOCUMENT SYSTEM ONLY AS A 'PRIVATE EVENT' TO WHICH ONLY COURT PERSONNEL IS *(sic)* GIVEN ACCESS, UNLESS OTHERWISE ORDERED BY THIS COURT.   THE REMAINDER OF THE RELIEF REQUESTED IN THIS MOTION SHALL BE HEARD ON MAY 20, 2014 AT 11:30 A.M. IN WORCESTER."

Order dated March 27, 2014, ECF No. 15.

The Debtor says the redaction exception contained in Rule 9037(g) does not apply to the Financial Statement.  First, the Debtor argues, Bankruptcy Rule 9037(g) applies only to documents submitted to the bankruptcy court, not documents previously submitted to other courts.  And, more importantly, says the Debtor, the Financial Statement was never (prior to the filing of the Objection) made available to the public.  Instead, the Debtor maintains that the Financial Statement was submitted as a confidential document in connection with the state court proceeding.  According to the Debtor, Attorney Chernin was able to obtain a copy of the document only because he represented Lenkar in connection with the state court proceedings.

With respect to damages, Attorney Chernin maintains that, even if this Court were to find that the filing of the unredacted Financial Statement violated Rule 9037, there is no private right of action for damages under Rule 9037.  Therefore, he posits that the appropriate remedy is that provided in Rule 9037 itself – namely, for the Court to require the redaction of the information or prohibit non-party access to the information, which the Court has already done.

Attorney Chernin next contends that although the Court may use its contempt powers to address violations of Rule 9037, such an exercise should be limited to "violations that are malicious or repetitive, and where the remedies provided by rule 9037(d) are insufficient." Mem. in Opp. to Request for Sanctions 6, May 28, 2014, ECF No. 46.  Analogizing this case to others in which courts have declined to impose sanctions on creditors for failure to redact filed documents, Attorney Chernin says the violation here was similarly not egregious, public access was quickly restricted, and the remedy provided by that restriction appears sufficient in that the Debtor is unable to demonstrate any particular harm.  Accordingly, he argues, there is no justification for the exercise of

6

the Court's contempt powers in this case.

Although she agrees that Rule 9037 does not create a private right of action for damages, the Debtor argues that the Court can impose sanctions for its violation pursuant to the Court's contempt powers under § 105(a).[4]  The Debtor maintains that sanctions are warranted here, because the conduct in this case "constitutes a blatant disregard for [the] obligations under the Bankruptcy Rules and is a contemptuous action." Mem. in Support of Request for Sanctions 4, May 30, 2014, ECF No. 47. The Debtor contends that she is entitled to damages in the amount of her attorney's fees and expenses, monetary compensation for the publication of her personal information, and credit monitoring for the next ten years.

Following a hearing on the Request for Sanctions and the opportunity for further briefing, the Court took the matter under advisement.

II.     DISCUSSION

A.     **The Rule 9037 Violation**

Documents filed in a bankruptcy case are public records and open to examination by any entity. 11 U.S.C. § 107(a).  However, in recognition that this broad right of public access may also place individuals at risk of having certain sensitive, private information

---

[4] Section 105(a) provides:

(a)     The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

exposed and misused, the Bankruptcy Code and Rules require the redaction of sensitive

personal information from documents filed with the Court, see Fed. R. Bankr. P. 9037(a),

and empower the Court to order redaction or to restrict public access in order to protect

such information, if necessary, see 11 U.S.C. § 107(c)(1); Fed. R. Bankr. P. 9037(d).

Bankruptcy Rule 9037(a) requires a party filing a document with the bankruptcy

court containing "an individual's social-security number, taxpayer-identification number,

or birth date, the name of an individual, other than the debtor, known to be and identified

as a minor, or a financial-account number" to redact such information from that filing,

disclosing only: "(1) the last four digits of the social-security number and taxpayer-

identification number; (2) the year of the individual's birth; (3) the minor's initials; and (4)

the last four digits of the financial account number."  Fed. R. Bankr. P. 9037(a).

In the District of Massachusetts, attorneys are required to file documents

electronically with the Bankruptcy Court using the Electronic Case Filing system ("ECF").[5]

See Mass. Local Bankr. R. ("MLBR") 9036-1; MLBR Appendix 8 ("Electronic Filing Rules")

1.[6]  To access the ECF system, an attorney must enter a unique user name and password

online at https://ecf.mab.uscourts.gov/cgi-bin/login.pl (the "Log-In Screen").  On the Log-

In Screen, directly adjacent to the boxes where the user name and password are entered,

there appears a notice that reads:

> **IMPORTANT NOTICE OF REDACTION RESPONSIBILITY:** All filers must
> redact: Social Security or taxpayer-identification numbers; dates of birth;
> names of minor children; and financial account numbers, in compliance with
> Fed. R. Bankr. P. 9037.  This requirement applies to all documents including

---

[5] Certain exceptions to the electronic filing requirement, none of which are relevant here, are found in MLBR Electronic Filing Rule 1(a)-(e).

[6] Only Court personnel and registered users may access filings through the ECF system. However, any person may view an electronic docket, including all documents filed in a case, through the Public Access to Court Electronic Records system ("PACER"), managed by the Administrative Office of the United States Courts.

attachments.

Directly underneath this notice (the "Redaction Notice") is a check box next to which is printed: "I understand that, if I file, I must comply with the redaction rules. I have read this notice" (the "Acknowledgment").   Attorneys must check the box next to the Acknowledgment in order to file a document through the ECF system.  In addition, upon submission of a pleading, but prior to finalization, a warning again appears which states:

> Attention!! Submitting this screen commits this transaction.  You will have no further opportunity to modify this submission if you continue.  **Have you redacted?**"

Here, despite the prominent Redaction Notice and required Acknowledgment, Attorney Chernin logged into the ECF system and electronically filed Lenkar's Opposition to which was attached the Financial Statement containing information he was required to redact under Bankruptcy Rule 9037(a).

Attorney Chernin has raised the rather specious argument that the redaction requirements of Rule 9037(a) did not apply to the Financial Statement because it constituted "the official record of a state-court proceeding," Bankruptcy Rule 9037(b)(3), and was filed by the Debtor "without redaction and not under seal," Bankruptcy Rule 9037(g).  But neither of these exceptions to the redaction requirements applies here.

First, the Financial Statement was not exempt from redaction pursuant to 9037(b)(3), because it was not part of the public record of the state court proceeding. At the bottom of the Financial Statement appears the following:

> **Pursuant to Uniform Small Claims Rule 9(c), all information in this affidavit is CONFIDENTIAL. It shall be available to any other party to this litigation, but shall not be available for public inspection unless the Court so orders.**

The referenced Massachusetts Uniform Small Claims Rule 9(c) provides that financial

statements filed pursuant to that rule "shall be kept separate from other papers in the case and shall not be available for public inspection." The comments to the rule indicate that the financial statement "shall be treated as confidential information in terms similar to those of Rule 401(d) of the Supplemental Rules of the Probate Court. See Rule 7(g) and the Commentary thereto." Uniform Small Claims Rule 9 cmt. to 2001 Amendments. Supplemental Rule 401(d) of the Probate Court, in turn, requires that financial statements be "impounded or kept separate from other papers in the case," and thus do not become part of the official record of the case.

For the same reason, the exception to the redaction requirement under Rule 9037(g) does not apply. Under that exception, a party waives the protection of the redaction requirements by filing a document "without redaction and not under seal." But here, the Debtor *did* file the Financial Statement under seal in the state court, because, as the above-cited rules make clear, the Financial Statement was from the outset treated as a confidential document, protected from public view. And Attorney Chernin's argument that his ability to simply call the state court and ask for a copy of the Financial Statement demonstrates that the document was available to the public is belied by the fact that he was able to obtain a copy *only* because he represented a party to the case.

Accordingly, neither exception to the redaction requirements of Rule 9037(a) posited by Attorney Chernin applies, and the Court finds that he was obligated to redact the first 5 digits of the Debtor's Social Security number and the month and day of the Debtor's birth date before filing the Financial Statement as an attachment to his Opposition. His failure to redact that information thus constituted a violation of Rule 9037.

**B.    Sanctions**

The parties agree, consistent with extant case law, that Rule 9037 does not itself

create a private right of action for damages upon violation.[7]   The only remedy found in

Rule 9037 itself is the power granted to a bankruptcy court to order redaction or to "limit

or prohibit a nonparty's remote electronic access to a document filed with the court."  Fed.

R. Bankr. P. 9037(d).

But regardless of whether the Rule itself contains a damages provision, the Court

has the power to sanction contemptuous violations of Rule 9037 pursuant to § 105(a) and

its inherent authority to sanction a party for contempt.  As the First Circuit Court of Appeals

has explained:

> section 105(a) empowers the bankruptcy court to exercise its equitable
> powers – where "necessary" or "appropriate" – to facilitate the
> implementation of other Bankruptcy Code provisions.  While it is true that
> the considerable discretion conferred on courts sitting in bankruptcy by
> § 105 is not unlimited, in that is not a roving commission to do equity, a court
> is well within its authority if it exercises its equitable powers to enforce a
> specific code provision . . . .  Thus, § 105 does not itself create a private
> right of action, but a court may invoke § 105(a) if the equitable remedy
> utilized is demonstrably necessary to preserve a right elsewhere provided
> in the Code, so long as the court acts consistent with the Code and does
> not alter the Code's distribution of other substantive rights.
>
> It follows, therefore, . . . that § 105 provides a bankruptcy court with
> statutory contempt powers, in addition to whatever inherent contempt
> powers the court may have.  Those contempt powers inherently include the
> ability to sanction a party.

Bessette v. AVCO Fin. Servs., Inc., 230 F.3d 439, 444-45 (1st Cir. 2000) (internal

quotations and citations omitted).[8]

---

[7] See, e.g., Lenz v. Auto Acceptance (In re Lenz), 448 B.R. 832, 839 (Bankr. D. Oregon 2011);
Maple v. Colonial Orthopedics, Inc. (In re Maple), 434 B.R 363, 374 (Bankr. E.D. Va. 2010); Davis
v. Eagle Legacy Credit Union (In re Davis), 430 B.R. 902, 909 (Bankr. D. Colo. 2010); French v.
Am. Gen. Fin. Servs. (In re French), 401 B.R. 295, 307 (Bankr. E.D. Tenn. 2009).

[8] See also Lenz, 448 B.R. at 842-43; Dunbar v. Cox Health Alliance, LLC (In re Dunbar), 446 B.R.
306, 310 (Bankr. E.D. Ark. 2011); Maple, 434 B.R. at 374; Barnhart v. Union Bank, Inc. (In re
Barnhart), 2010 WL 724703, *3 (Bankr. N.D.W.V. Feb. 26, 2010); Dixon v. Bay Financial, Inc. (In
re Dixon), 2010 WL 501547 (Bankr. S.D. Miss. Feb. 5, 2010); Carter v. Flagler Hospital, Inc. (In
re Carter), 411 B.R. 730, 737-38 (Bankr. M.D. Fla. 2009); French, 401 B.R at 315.

Sanctions for contempt are appropriate where the requirements of the law are clear, see Ameriquest Mortgage Co. v. Nosek (In re Nosek), 544 F.3d 34, 46-47 (1st Cir. 2008), and a party has "flaunted the law with knowledge of its proscriptions, failed to take remedial action once violations were discovered, or acted deliberately as opposed to mistakenly or inadvertently." Maple, 434 B.R. at 374 (quoting Barnhart, 2010 WL 724703 at *4).

Where sanctions are warranted, the bankruptcy court has broad discretion to fashion a contempt remedy.   As the First Circuit has recognized, an appropriate use of the court's contempt powers is to order monetary relief, in the form of actual damages, attorney fees, and punitive damages. Bessette, 230 F.3d at 445.[9]

Here, the Court finds that sanctions are warranted for Attorney Chernin's violation of the redaction requirements of Rule 9037(a). The redaction requirements are not only clearly stated in the Rule itself, but are repeatedly emphasized throughout the electronic filing process. In fact, Attorney Chernin checked the box next to the Acknowledgment, affirmatively indicating his awareness of the redaction requirements before he electronically filed the Opposition. The mere failure to redact may not always give rise to sanctions for contempt.[10]   But in this case, when the error was brought to his attention, Attorney Chernin refused to take any corrective action and then defended his failures with

---

[9] See also Hann v. Educational Credit Management Corp. (In re Hann), 711 F.3d 235, 243 (1st Cir. 2013); Fatsis v. Braunstein (In re Fatsis), 405 B.R. 1, 7 (B.A.P. 1st Cir. 2009); 56 Assoc. v. Diorio, 381 B.R. 431, 440-41 (Bankr. D.R.I. 2008); In re Barry, 330 B.R. 28, 37-38 (Bankr. D. Mass. 2005); Curtis v. LaSalle Nat'l Bank (In re Curtis), 322 B.R. 470, 485-86 (Bankr. D. Mass. 2005)).

[10] See, e.g., Maple, 434 B.R. at 374; Barnhart, 2010 WL 724703 at *4; Carter, 411 B.R. at 738; Cordier v. Plains Commerce Bank (In re Cordier), Bankr. No. 08-20298 (ASD), Adv. No. 08-2037, 2009 WL 890604, *5 (Bankr. D. Conn. March 27, 2009).

ex post facto excuses bordering on the frivolous.

Accordingly, the Court rules that compensatory damages are warranted here. Attorney Nickless is entitled to recover his fees and costs associated with the filing and prosecution of the Motion to Redact and Request for Sanctions. See Barry, 330 B.R. at 38 (in award of sanctions for contempt, "[t]he Debtor is entitled to include attorneys' fees amongst his actual damages, provided that they are reasonable.").[11] No further compensatory award appears appropriate at this time, inasmuch as the Debtor has failed to demonstrate, at least at this juncture, that she has incurred any damages. Still, the Debtor is entitled to reimbursement of the costs of credit monitoring in the interim to forestall any risk of damages in the future.

The Court also finds that punitive sanctions are appropriate in this case. "[P]unitive damages . . . are most appropriate "where there has been an 'arrogant defiance' of the Bankruptcy Code," In re Zine, 521 B.R. 31, 38 (Bankr. D. Mass. 2014) (quoting Curtis, 322 B.R. at 486), or where a party responds to its obvious error with "frivolous and meritless defenses." Curtis, 322 B.R. at 486. In this case, Attorney Chernin has done both. "The amount in which punitive damages should be awarded is . . . a fact specific determination within the discretion of the bankruptcy courts." Id. at 487. In general, however, "[p]unitive damages should be awarded in an amount sufficient to serve their purpose of deterrence." Id.

The Court finds and rules that a sanction in the amount of $1,000.00 is an appropriate award of punitive damages. This amount should be sufficient to deter not only

---

[11] Because those fees and costs have yet to be quantified, the Court will order Attorney Nickless to file an affidavit of those fees and will allow for a reasonable period of time for Attorney Chernin to raise any objection before ordering payment.

the careless behavior that led to the original unredacted filing, but also to motivate

Attorney Chernin to take swift action to notify the Court and request redaction in the event

of any subsequent filing containing information protected by Rule 9037(a).


III.   CONCLUSION

For all the foregoing reasons, the Court will GRANT in part the Debtor's Request

for Sanctions and will order Attorney Chernin to 1) compensate Attorney Nickless for his

attorney's fees and expenses incurred in connection with bringing forward and

prosecuting the Motion to Strike and Request for Sanctions and 2) reimburse the Debtor

the costs of credit monitoring for one year from the date of the entry of the Order

accompanying this Memorandum of Decision.  The Court will further sanction Attorney

Chernin in the amount of $1,000.00, such amount to be paid within 30 days of the entry

of the Order to Attorney Nickless for the benefit of the Debtor.  An Order in conformity

with this Memorandum of Decision will be entered herewith.


DATED: January 15, 2015                    By the Court,


_____

Henry J. Boroff
United States Bankruptcy Judge